I concur with the analysis and disposition of this case by the majority. I write separately only to clarify that I do not conclude that my decision in this case conflicts with my decision in Ickes v. CNAInsurance (May 6, 2002), Stark App. No. 2001CA00241. In Ickes, this court determined that the tortfeasor's insurance policy was not exhausted by payment until the payment had actually been made to the injured party even though an offer to settle had been made by the tortfeasor's insurance carrier for the limits of the tortfeasor's policy on an earlier date. Whether or not I would change my position on that issue upon reconsideration of Bogan v. Progressive Cas. Ins. Co. (1988),36 Ohio St.3d 22 and Fulmer v. Insura Property Casualty Company
(2002), 94 Ohio St.3d 85, 2002-Ohio-64, 760 N.E.2d 392 is not relevant to the case sub judice. The cross-appellant in the case sub judice does not challenge the trial court's interpretation of the uninsured/underinsured motorist insurance contract language regarding "exhaustion by payment." Rather, the cross-appellant argues that the trial court abused its discretion in choosing the date that it did.